UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER THOMPSON                                                                              PLAINTIFF

v.                                            No. 2:20-CV-02167

THE UNIVERSITY OF ARKANSAS
BOARD OF TRUSTEES, et al.                                                                    DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants The University of Arkansas Board of Trustees ("BOT") and Raymond Ottman's motion to dismiss (Doc. 20). Defendants filed a brief in support (Doc. 21).[1] Plaintiff Christopher Thompson filed a response (Doc. 24) in opposition, and Defendants filed a reply (Doc. 27) with leave of Court. For the reasons set forth below, the motion will be GRANTED in part and DENIED in part.

**I.     Background**

Plaintiff Christopher Thompson joined the University of Arkansas at Fort Smith campus police department ("UAPD") as a patrolman in 2012. Defendant Ray Ottman was hired as the chief of the UAPD in 2015. Plaintiff alleges that Ottman mistreated Plaintiff due to his race and age after Ottman was hired. On August 28, 2017, Plaintiff reported his concerns about Ottman's behavior to Brad Sheriff—Vice Chancellor of the University of Arkansas at Fort Smith ("UAFS") at the time. Four days after Plaintiff's meeting with Sheriff, Plaintiff was fired from his UAPD position. The reason given by the UAPD for Plaintiff's firing was the mishandling of a call that occurred the previous week. Plaintiff argues this justification is pretext and his termination was

---

[1] An earlier motion to dismiss (Doc. 8) is pending and will be terminated as moot because Plaintiff filed an amended complaint. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

1

an act of discrimination and retaliation.  Plaintiff timely filed a charge with the EEOC and received his Right to Sue letter on July 31, 2018.

Plaintiff first filed suit in this Court on October 29, 2018.  *See Thompson v. Univ. of Ark. at Fort Smith*, Case No. 2:18-CV-02183 ("*Thompson I*").  In *Thompson I*, Plaintiff sued UAFS and Raymond Ottman[2] for violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Arkansas Civil Rights Act ("ACRA").  The Court granted Plaintiff's motion to dismiss without prejudice on September 25, 2019, and stated that if Plaintiff re-filed the suit in the future, he would bear the costs of any duplicative discovery.  Plaintiff filed the instant case on September 21, 2020.  Plaintiff's original complaint sued UAFS for violations of Title VII, the ADEA, and the ACRA.  On January 14, 2021, Plaintiff filed an amended complaint that substituted BOT for UAFS and added Raymond Ottman as a defendant.  The amended complaint also asserted new claims for violations of Title 42 U.S.C. § 1981, Title 42 U.S.C. § 1983, and the Arkansas Age Discrimination Prohibition Act ("ADPA").  Defendants filed the instant motion to dismiss arguing Plaintiff's claims are time-barred.

**II.    Legal Standard**

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] Plaintiff's initial complaint in *Thompson I*, filed by the attorney representing Plaintiff for the duration of *Thompson I* and for the original complaint in this case, incorrectly spelled Defendant Ottman's last name as "Ottoman" but the misspelling was corrected by an amended complaint.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Those alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence of illegal [activity]," the Court should deny a motion to dismiss. *Id.* at 556. However, "when it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984–85 (8th Cir. 1985) (quoting *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818, 821 (8th Cir. 1983)).

### III.     Discussion

#### A. Title VII and ADEA Claims Against All Defendants

Defendants argue that Plaintiff's Title VII and ADEA claims are barred by the statute of limitations because these claims must be brought within 90 days after receiving notice of the right to file suit, regardless of any state savings clause. Both parties agree that Plaintiff's original lawsuit in *Thompson I* was timely brought within 90 days and this suit was brought within one year of dismissal of *Thompson I*. Plaintiff contends that his Title VII and ADEA claims are timely because of the savings statute at ARK. CODE ANN. § 16-56-126, which allows a plaintiff to commence a new action within one year of a nonsuit.

The law in the Eighth Circuit is clear that Title VII and ADEA claims are not preserved by a state savings statute after a voluntary nonsuit. *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759

(8th Cir. 1983) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946)) ("Because Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable."). "Dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1194 (8th Cir. 1976). Because a dismissal without prejudice does not extend the 90-day deadline, Plaintiff's Title VII and ADEA claims are barred by the statute of limitations against Defendants.

### B. Judicial Estoppel

Plaintiff argues Defendants should be estopped from asserting any statute of limitations defense related to Plaintiff's Title VII and ADEA claims because in *Thompson I* the Defendants asked the Court for deposition costs and to preclude further discovery if Plaintiff refiled suit. "A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). Although the doctrine of judicial estoppel cannot be reduced "to any general formulation of principle," courts first look to see whether "a party's later position [is] 'clearly inconsistent' with its earlier position." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

Plaintiff argues Defendants' motion to dismiss is inconsistent with the position taken in *Thompson I* because Defendants—by requesting deposition costs and precluding discovery—implicitly acknowledged that any future suit would proceed to discovery and not be dismissed for statute of limitations reasons. In *Thompson I*, Defendants asked the Court for reasonable limits on discovery in subsequent lawsuit—a remedy specifically contemplated by Federal Rule of Civil Procedure 41(d). Defendants' instant motion is a motion to dismiss based on the statute of limitations and has nothing to do with duplicative discovery costs. Defendants have not taken a

4

clearly inconsistent position and the Court will not judicially estop Defendants from asserting a statute of limitations defense. Defendants' request in *Thompson I* to be spared any costs of duplicative discovery cannot be seen as a waiver of all arguments that would permit dismissal prior to discovery.

### C. 42 U.S.C. § 1981, 42 U.S.C. § 1983, ADPA, and ACRA Claims against BOT and Ottman in Official Capacity

Plaintiff's complaint also raises claims under Title 42 U.S.C. § 1981, Title 42 U.S.C. § 1983, the ACRA, and the ADPA against BOT and Defendant Ottman in both his official and individual capacity. The Eighth Circuit has previously held that states are "immunized from any claim . . . brought under § 1981." *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005). "The University of Arkansas is an agency of the state and is immune from suit. The governing bodies of state universities enjoy the same immunity from suit as the universities themselves." *Buckley v. Univ. of Ark. Bd. of Trs.*, 780 F. Supp. 2d 827, 830 (E.D. Ark. 2011) (internal citations omitted). The ACRA and ADPA also do not abrogate the state's sovereign immunity. *See* ARK. CODE ANN. § 16-123-104 (West 2021) ("Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas."); *State v. Goss*, 42 S.W.3d 440, 443 (Ark. 2001) ("Nothing in the ADPA subjects the State to liability for monetary damages for violations of the Act's provisions."). Therefore, Defendant BOT is immune from claims under § 1981, § 1983, the ADPA, and the ACRA, and these claims will be dismissed.

As to Defendant Ottman, § 1981, § 1983, ACRA, and ADPA claims for money damages against Ottman in his official capacity will likewise be dismissed due to sovereign immunity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff correctly notes that state officials are not entitled to sovereign immunity for claims for

5

prospective injunctive relief. *Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir. 2001). However, Plaintiff's complaint does not allege any injuries that prospective injunctive relief by the Court could remedy because Plaintiff alleges he was unlawfully fired in 2017. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Therefore, the § 1981, § 1983, ACRA, and ADPA claims against Ottman in his official capacity will also be dismissed.

### D. § 1983, ADPA, and ACRA claims against Ottman in Individual Capacity

As to the § 1983, ADPA, and ACRA claims against Ottman in his individual capacity, Defendants contend that these claims are time barred because the latest date Plaintiff's cause of action could have accrued was August 24, 2017, the date of Plaintiff's termination, and this lawsuit was not filed until September 9, 2020.[3] Plaintiff states this lawsuit was timely because it was filed within one year of the voluntary nonsuit, and even if Defendant Ottman was not an original party to this lawsuit, the amendment naming Ottman relates back to the date of the original complaint according to Fed. R. Civ. P. 15(c).

Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading will relate back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided

---

[3] Plaintiff does not dispute that his § 1983 claims, not arising under § 1981, have a three-year statute of limitations and are outside the statute of limitations if the Arkansas savings statute is not applied. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("In Arkansas, the general personal-injury statute of limitations is three years, and this period therefore governs § 1983 actions brought in that state."). Retaliation claims under the ACRA also have a three-year statute of limitations in Arkansas. *Smith v. ConAgra Foods, Inc.*, 431 S.W.3d 200, 204 (Ark. 2013). Employment-based discrimination claims brought pursuant to ACRA have, at most, a two-year statute of limitations for back pay and a one-year state of limitations for all other actions. ARK. CODE ANN. § 16-123-107 (West 2021).

>by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The original complaint and summons in this lawsuit were served on Terisa Riley, the Chancellor of the UAFS, within the 4(m) deadline. (Doc. 6).

Assuming Ottman received actual notice of the action such that he would not be prejudiced by defending this suit, Plaintiff cannot meet the requirement of demonstrating that Ottman "knew or should have known that the action would have been brought against [him], *but for a mistake* concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). A mistake under Rule 15(c) is "an error, misconception, or misunderstanding; an erroneous belief." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548-49 (2010) ("We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity.").

In *Thompson I*, Plaintiff named Ottman and UAFS. However, in the instant suit, Plaintiff chose only to sue UAFS.[4] It is clear that Plaintiff was aware of Ottman and his relationship with UAFS at the time of the suit, and his decision to not name Ottman is not a mistake under Rule 15. This is not a situation where Plaintiff knew of multiple parties and misunderstood a party's status or role. Instead, Plaintiff's knowledge of Ottman and his potential liability is evident from *Thompson I*. More importantly, Ottman knew that Plaintiff was aware of Ottman's relationship

---

[4] The Court notes Plaintiff's current counsel was not attorney of record in *Thompson I* or at the beginning of this suit.

7

with UAFS and would have reasonably assumed that Plaintiff consciously chose to exclude him from this lawsuit. Because Plaintiff cannot show that Ottman would have known he would be a party to the instant action, but for mistake concerning his identity, the amended complaint will not relate back. Therefore, Plaintiff's § 1983, ADPA, and ACRA claims against Ottman in his individual capacity were brought outside the one-year savings statute are barred by the statute of limitations.

### E.  § 1981 Claims Against Ottman in Individual Capacity

Finally, Plaintiff asserts the § 1981 claims brought through § 1983 against Ottman in his individual capacity are subject to a four-year statute of limitations for § 1981 actions rather than the three-year statute of limitations for § 1983 actions in Arkansas. Defendants acknowledge in their initial brief (Doc. 21, p. 15) that the applicable statute of limitations for § 1981 claims is four years, but they assert that § 1981 actions brought through § 1983 only have a statute of limitations of three years. (Doc. 27, p.3). The Eighth Circuit has not explicitly stated the appropriate statute of limitations for § 1981 actions brought against state actors through § 1983, but because "[a] federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983," the Court agrees with Plaintiff that the four-year statute of limitations applies. *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998). Plaintiff's § 1981 claims against Ottman in his individual capacity were brought within the four-year statute of limitations and will not be dismissed on the basis of the statute of limitations.

### IV.  Conclusion

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 20) is GRANTED in part and DENIED in part. Plaintiff's claims against Defendant The University of Arkansas Board of Trustees are DISMISSED WITH PREJUDICE. Plaintiff's § 1981 claims against Defendant

Ottman in his individual capacity remain.  Plaintiff's other claims against Ottman are DISMISSED WITH PREJUDICE.

    IT IS FURTHER ORDERED that Defendants' earlier motion (Doc. 8) is TERMINATED AS MOOT.

    IT IS SO ORDERED THIS 1st day of June, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE